UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LONNIE HALL, | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 3:10-CV-033 RM |
| v. | ) |
| | ) |
| FRANK MASLEY, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Lonnie Hall, a *pro se* prisoner, filed a motion captioned, "Temporary Restraining Order and Emergency Injunction" which the court construes as both a motion for a temporary restraining order and a complaint for a permanent injunction. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

Mr. Hall seeks injunctive relief. He wants an order requiring that Frank Masley remain at least 500 feet away from him and that he be relocated to another prison. He alleges that Unit Team Manager Masley threatened that he would be found guilty of a conduct report and then, as a result, transferred to "Admin Seg. on D-East where many people want him dead because he dropped out of a prison gang." DE 1 at ¶ 7. He alleges that he is in protective custody because he quit a gang.

Though his fear is undoubtedly real, this filing doesn't state a claim. "Prisons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." (Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). But Mr. Hall does not allege that inmates who might seek to do him harm have any physical access to him. "[T]he Administrative Segregation Unit . . . restrict[s] his movements and his contact with other inmates." Becker v. Ind. State Prison, 3:04-CV-543, 2007 U.S. Dist. LEXIS 68034, 2007 WL 2710474 (N.D. Ind. Sept. 12, 2007). "[I]nmates assigned to . . . differing recreation groups [a]ren't allowed to have contact with each other." Id. Mr. Hall doesn't allege that he has reported to prison officials that any of the inmates in his recreation group are a threat to him, nor even that he believes that any of them are a threat. Rather he merely alleges that the Administrative Segregation Unit also includes such inmates.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: January  29 , 2010

                                                          /s/ Robert L. Miller, Jr.
                                                    Chief Judge
                                                    United States District Court

cc: L. Hall